J. SCOTT GERIEN, State Bar No. 184728
DAVID BALTER, State Bar No. 212027
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
VIGNERON PARTNERS, LLC

ORIGINAL FILED
JAN 27 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| Vigneron Partners, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Woop Woop Wines Pty Ltd and Epicurean Wines, L.L.C.<br><br>Defendants. | CASE NO.<br><br>C06-00527 JF PVT<br><br>**COMPLAINT**<br><br>1. Cancellation of Trademark Registration;<br>2. Federal Trademark Infringement;<br>3. Federal Unfair Competition;<br>4. California Trademark Infringement;<br>5. California Unfair Competition;<br>6. California False or Misleading Statements; and<br>7. Common Law Trademark Infringement |

Plaintiff, Vigneron Partners, LLC ("Plaintiff"), for its complaint against Defendants, Woop Woop Wines Pty Ltd ("Woop Woop") and Epicurean Wines, L.L.C. ("Epicurean") (collectively "Defendants"), alleges as follows:

COMPLAINT

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for registration of a mark confusingly similar to a prior registered trademark (15 U.S.C. §1052(d)), infringement of a federally registered trademark (15 U.S.C. §1114) and unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for trademark infringement (Cal. Bus. & Prof. Code §14335) unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark infringement, as the result of willful and unauthorized use by Defendants of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark, cancellation of Woop Woop's U.S. Trademark Registration No. 2,966,473, and related relief.

## THE PARTIES

2. Plaintiff Vigneron Partners, LLC is a California limited liability company with its principal place of business located at 4038 Big Ranch Road, Napa, CA 94558.

3. Upon information and belief, Defendant Woop Woop Wines Pty Ltd is an Australian corporation with its principal place of business located at 43 Fullarton Road, Kent Towen, South Australia, 5067, Australia.

4. Upon information and belief, Defendant Epicurean Wines, L.L.C. is a Washington limited liability company with its principal place of business located at 108 S. Washington, Suite 206, Seattle, Washington 98104.

//

//

//

COMPLAINT                                                    2

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121, as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

6. Upon information and belief, Defendants, either directly or through their agents, have transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendants are doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Since prior to the acts of Defendants complained of herein, Plaintiff has been engaged in the business of offering wine for sale to the public throughout the United States under the trademark BLACK CHICKEN.

9. Plaintiff is the owner of U.S. Trademark Registration No. 2,834,075 for BLACK CHICKEN for wine based on first use of the mark as early as March of 2001. Plaintiff's registration for BLACK CHICKEN issued on April 24, 2004. A copy of the registration certificate for U.S. Trademark Registration No. 2,834,075 is attached hereto.

10. Pursuant to its ownership of the federal registration, Plaintiff is presumed to have exclusive right to the mark BLACK CHICKEN for wine and the mark is presumed to be distinctive.

11. Plaintiff's BLACK CHICKEN wine is sold at retail wine stores and in restaurants.

12. In 2005, Plaintiff's BLACK CHICKEN wine was named one of America's eight best wines over $20 by *Food & Wine* magazine.

13. In 2005, *Decanter* magazine named the BLACK CHICKEN zinfandel wine as the best wine at the annual Zinfandel Advocates and Producers (ZAP) wine festival held at Fort Mason in San Francisco, California. The 2005 ZAP festival was attended by over 8,000 people with wine being poured by 275 different wineries.

14. For its past four vintages, the BLACK CHICKEN wine has received scores in excess of 90 points from *The Wine Advocate*, the wine publication produced by famous wine critic Robert M. Parker, Jr. *The Wine Advocate* describes a wine with a score in the 90+ range as follows: "An **outstanding** wine of exceptional complexity and character. In short, these are terrific wines." (Emphasis in original.)

15. The BLACK CHICKEN wines constitute 1/3 of Plaintiff's total production. The BLACK CHICKEN brand and the goodwill attached to it are quite valuable to Plaintiff's company for its current and future success.

16. Upon information and belief, in 2005, after Plaintiff's aforesaid first use and acquisition of goodwill in the BLACK CHICKEN mark, Defendants commenced selling wine under the mark THE BLACK CHOOK with a design mark of a black chicken.

17. The label for THE BLACK CHOOK wine states: "What friends is a CHOOK? It's Australian for CHICKEN." The label for THE BLACK CHOOK wine features a large image of a black chicken, as shown below, which functions as a design trademark:

COMPLAINT                                       4



18. Upon information and belief, Defendant Woop Woop is the producer of THE BLACK CHOOK wine and owner of THE BLACK CHOOK trademark and black chicken design mark for wine, and Defendant Epicurean is the exclusive importer for THE BLACK CHOOK wines in the United States.

19. Upon information and belief, the goods offered for sale by Defendants under Woop Woop's THE BLACK CHOOK mark and black chicken design mark are identical to the goods sold by Plaintiff under its BLACK CHICKEN mark and are sold to the same consumers through the same trade channels as those goods sold by Plaintiff under the BLACK CHICKEN mark.

20. Upon information and belief, Defendants sell or offer for sale or advertise or promote the wine under THE BLACK CHOOK mark and black chicken design mark throughout California, including in this judicial district.

21. In 2005, Plaintiff contacted counsel for Defendant Woop Woop requesting information concerning Woop Woop's use of THE BLACK CHOOK mark. However, Plaintiff did not receive any response to such inquiry.

COMPLAINT                                             5

22. Upon information and belief, Defendant Epicurean is currently sold out of all of THE BLACK CHOOK 2004 shiraz viognier wine and has only a "limited availability" of THE BLACK CHOOK non-vintage sparkling shiraz wine.

23. Upon further information and belief, Defendant Epicurean intends to import the 2005 vintage of THE BLACK CHOOK shiraz viognier in the first half of 2006 for sale in the U.S.

24. Upon information and belief, Defendants adopted the mark THE BLACK CHOOK and the black chicken design mark with prior knowledge of Plaintiff's BLACK CHICKEN mark and with the intent to capitalize upon the fame and goodwill represented by Plaintiff's BLACK CHICKEN mark.

25. Defendant Woop Woop applied for a U.S. trademark registration for the mark THE BLACK CHOOK for wine in late 2003, subsequent to Plaintiff's first use of the BLACK CHICKEN mark on wine and subsequent to the filing of Plaintiff's application for registration of the BLACK CHICKEN mark for wine. In its trademark application, Plaintiff failed to disclose that the term "chook" is an Australian word for "chicken," despite the fact that it expressly states such translation on its wine label for the product. Plaintiff also failed to submit the wine label for THE BLACK CHOOK mark with its trademark application as a specimen of its use of the mark in U.S. commerce on wine. Had Plaintiff either provided a translation of "chook," or submitted its label showing the black chicken design, Plaintiff's application for registration of THE BLACK CHOOK for wine would have been refused by the USPTO on the basis of confusing similarity with Plaintiff's BLACK CHICKEN mark. Because Defendant Woop Woop did not provide this information or specimen to the USPTO, THE BLACK CHOOK was registered as a trademark for wine by the USPTO.

26. Upon information and belief, Defendants are presently using the mark THE BLACK CHOOK on limited quantities of sparkling wine, and plan on expanding their use of THE BLACK CHOOK mark on still wine once the 2005 vintage of THE BLACK CHOOK shiraz viognier wine is ready for release and importation to the U.S. Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using THE BLACK CHOOK mark and the black chicken design mark, wherefore Plaintiff is without adequate remedy at law.

### FIRST CAUSE OF ACTION

(Cancellation of Trademark Registration under 15 U.S.C. §1119)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

28. The mark THE BLACK CHOOK for wine, which is the subject of U.S. Trademark Registration No. 2,966,473, is likely to be confused with Plaintiff's registered mark BLACK CHICKEN for wine (Reg. No. 2,834,075) in violation of 15 U.S.C. 1052(d).

29. Continued registration of U.S. Trademark Registration No. 2,966,473 will cause Plaintiff harm as it calls into question Plaintiff's exclusive rights in its BLACK CHICKEN mark for wine.

30. The mark THE BLACK CHOOK, which is the subject of U.S. Trademark Registration No. 2,966,473, is directly at issue in this infringement action, and pursuant to 15 U.S.C. §1119 this court may direct the Commissioner of Trademarks to cancel such registration for confusing similarity to Plaintiff's registered mark.

### SECOND CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

32. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendants' aforesaid products in violation of 15 U.S.C. §1114.

## THIRD CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125)

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendants' above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the Defendants' goods in violation of 15 U.S.C. §1125.

## FOURTH CAUSE OF ACTION

(State Trademark Infringement under Cal. Bus. & Prof. Code §14335)

35. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

36. The Defendants' above-averred actions constitute infringement upon a mark registered under Title 15 of the United States Code in violation of Cal. Bus. & Prof. Code §14335.

## FIFTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

37. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

38. The Defendants' above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## SIXTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

39. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

40. The Defendants' above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## SEVENTH CAUSE OF ACTION

(Common Law Trademark Infringement)

41. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

42. The Defendants' above-averred actions constitute trademark infringement in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendants, their principals, partners, distributors, agents, employees, licensees, affiliates, any parent and subsidiary Companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a. Using the terms BLACK CHOOK, the design of a black chicken, or names, terms, images or marks confusingly similar to BLACK CHICKEN, including any mark encompassing the terms "CHOOK or CHICKEN," or the image of a chicken, in connection with the advertisement, promotion, distribution,

offering for sale or selling of wine, wine grapes, or related products or services;

    b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and any of the Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of any of the Defendants or that the services or goods of any of the Defendants originate with Plaintiff or are likely to lead the trade or public to associate any of the Defendants with Plaintiff;

2. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen days after the entry of such order of injunctive relief.

3. That Defendants their principals, partners, distributors, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all labels, signs, cartons, capsules, corks, advertising, promotional and any other materials bearing the infringing mark together will all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That the Commissioner for Trademarks of the U.S. Patent and Trademark Office be directed by this Court to cancel U.S. Trademark Registration No. 2,966,473 for THE BLACK CHOOK for wine pursuant to Section 2(d) of the Trademark Act and 15 U.S.C. §1119 based on likelihood of confusion with Plaintiff's BLACK CHICKEN mark;

5. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: 1/27/06

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
David Balter

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Vigneron Partners, LLC

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 2,834,075
Registered Apr. 20, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## BLACK CHICKEN

VIGNERON PARTNERS, L.L.C. (CALIFORNIA LTD LIAB CO)
2040 BROWN STREET
NAPA, CA 94559

FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 3-0-2001; IN COMMERCE 3-0-2001.

SER. NO. 76-515,431, FILED 5-19-2003.

REBECCA GILBERT, EXAMINING ATTORNEY