**E-Filed 3/31/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIGNERON PARTNERS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WOOP WOOP WINES PTY LTD, et al.,<br><br>　　　　　Defendants. | Case Number C 06-00527 JF<br><br>ORDER[1] DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>[re: docket no. 15] |

On March 27, 2006, Plaintiff Vigneron Partners, LLC, which does business as Robert Biale Vineyards ("Biale"), filed an application for a temporary restraining order and a motion for a preliminary injunction. Biale seeks to enjoin Defendants Woop Woop Wines Pty Ltd ("Woop Woop") and Epicurean Wines, LLC ("Epicurean") from "importing, selling, offering for sale, advertising or shipping any wine or sparkling wine using the mark THE BLACK CHOOK." On March 30, 2004, Defendants filed opposition. The Court has considered the application for a temporary restraining order without oral argument. For the reasons set forth below, the application will be denied. The Court will set a prompt hearing on Plaintiff's motion for a preliminary injunction.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-00527 JF
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFLC1)

# I. BACKGROUND

Biale, located in the Napa Valley, owns the registered mark "Black Chicken" for its wine. The name is used because when the Biale family first started selling wine in addition to eggs and produce, during the post-World War II era, it was not a government-sanctioned winery. Because orders were taken over a party line, upon which they could be overheard, customers used the code term "black chicken" when ordering wine. When Biale formed a partnership and began producing wine for sale in the 1990s, it used the name "Black Chicken" for some of its wine. The first vintage of Black Chicken wine was sold in 1999. Biale expects to produce 1,900 cases of Black Chicken wine in 2006. Biale has presented evidence that Black Chicken wine has received praise in the media, has loyal customers, and has been awarded several notable prizes.

Woop Woop, located in McLaren Vale, Australia, was established in 2002 to produce affordable wine to be sold in the United States. Its principal place of business is a farm, upon which is a one-hundred year-old "chook house" – "chook" is the Australian term for chicken. Woop Woop's first wine, which it still imports to the United States, is named Woop Woop. Tony Parkinson ("Parkinson"), who is primarily responsible for the marketing of Woop Woop wines, has stated that Woop Woop chose the name "The Black Chook" for its second wine because Woop Woop "had them on the property, [and] also the association of a black chook and a white egg also expressed the blending of Red Shiraz (black coloured) grapes and white Viognier grapes." Parkinson Decl., ¶ 6. Parkinson stated that when Woop Woop applied for a trademark registration in the United States, in October, 2003, it was not aware of Black Chicken wine. *Id.*, ¶ 7. Epicurean, the exclusive importer of Woop Woop wines into the United States, began importing wine with The Black Chook label in 2004.

The file wrapper for Woop Woop's trademark registration includes Woop Woop's responses to the examining attorney's comments on the mark "The Black Chook." Gerien Decl., Ex. 7. In response to the examining attorney's conclusion that the mark should not be registered because it would be confused with the "Black Chicken" mark, Woop Woop's counsel stated: "It is believed that if the term were used in the United States, only those persons who were from Australia, or those who may have been in Australia and had heard the word 'chook' would know

its meaning. . . . the average person in the United States would not know of a relationship between 'The Black Chicken' and 'The Black Chook.'" *Id*., Ex. 7-4.  However, as Biale points out, the label, which appears not to have been submitted to the United States Patent and Trademark Office, for The Black Chook wine includes a prominent picture of a black chicken.

When Biale first learned of The Black Chook wine in the summer of 2005, it sent a letter to Woop Woop's counsel expressing its concerns about the similar labels.  Pramuck Decl., ¶ 10. Biale did not receive a response.  *Id*.  Subsequently, Biale sought more information regarding the sale of The Black Chook wine in the United States, and discovered that the 2004 vintage had been distributed "across a large part" of the United States and thus believed that the 2005 vintage likely would be as well.  *Id*., ¶ 11.  On January 27, 2006, Biale filed the complaint in the instant action.  Biale and Defendants engaged in settlement negotiations, which came to an impasse on March 24, 2006.  Gerian Decl., ¶ 15.

## II. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

Biale argues that this Court, if it finds that Biale is likely to succeed on the merits, must presume irreparable injury:

> [O]nce a trademark owner has shown a likelihood of success on the merits, the resultant loss of control over the trademark and a loss of goodwill associated therewith by the owner of the mark is irreparable injury sufficient to support a

preliminary injunction. In other words, there is always irreparable injury when trademark infringement exists.  Further, harm is presumed to be irreparable because of the substantial likelihood of public deception and confusion.

*Dep Corp. v. Opti-Ray, Inc.*, 768 F. Supp. 710, 717 (C.D.Cal. 1991).  However, in the instant case, *both* parties are registered trademark owners.  Accordingly, this Court declines to presume that irreparable harm would result if it does not issue a temporary restraining order.  While Biale has presented evidence indicating that consumer confusion may result from the continued importation and sale of The Black Chook wine, it is not clear that irreparable injury will occur in the short time before a noticed, fully briefed hearing on the motion for a preliminary injunction.  Thus, without reaching a conclusion as to the likelihood of success on the merits, the Court will deny the instant motion for a temporary restraining order and instead set an early hearing date on the motion for a preliminary injunction.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for a temporary restraining order is denied.

IT IS FURTHER ORDERED that the motion for a preliminary injunction is scheduled for hearing at 9:00 a.m. on April 28, 2006.  Defendants shall submit an opposition brief not later than April 14, 2006.  Plaintiff shall submit a reply brief not later than April 21, 2006.

DATED:  March 31, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-00527 JF
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFLC1)

1  This Order has been served upon the following persons:

2  David Balter            dbalter@dpfnapa.com

3  Paul P. DeAngelis       pdeangelis@pwmlaw.com,

4  William David Fisher    wfisher@schwabe.com, dbrooks@schwabe.com

5  J. Scott Gerien         sgerien@dpfnapa.com

5

Case No. C 06-00527 JF
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFLC1)