\*\*E-Filed 5/18/06\*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| VIGNERON PARTNERS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>WOOP WOOP WINES PTY LTD, et al.,<br><br>   Defendants. | Case Number C 06-00527 JF<br><br>ORDER[1] RE PROPOSED LABELS, STICKER, AND LETTER TO DISTRIBUTORS |

On May 5, 2006, this Court issued an Order granting Plaintiff's motion for a preliminary injunction and requiring Defendants to submit proposed labels and a proposed sticker and letter to be sent to independent distributors. On May 12, 2006, Defendants submitted the proposed labels, sticker, and letter, and Plaintiff has filed its comments on these submissions.

Many of Plaintiff's comments are overreaching. This Court has determined previously that Defendants may continue to use the mark "The Black Chook" while the preliminary injunction is in force, and it will not reconsider this conclusion. Additionally, Defendants may use the following proposed language on the back label: "The Black Chook is a mystery you'll find as intriguing to unravel as I found it was to ravel. Drink when feasting, using a dictionary,

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-00527 JF
ORDER RE PROPOSED LABELS, STICKER, AND LETTER TO DISTRIBUTORS
(JFLC1)

1  or telling chook stories." In granting the motion for a preliminary injunction, the Court was most
2  concerned with the prospect of consumers associating "The Black Chook" with "Black Chicken"
3  because of obvious links between the two. There is no evidence that the proposed label's
4  indirect indication that "chook" may have a particular meaning would be likely to cause
5  consumer confusion. Finally, the sticker proposal submitted by Defendants is consistent with the
6  express requirements of the Court's Order. The sticker must state clearly, as it does, that there is
7  no association between "The Black Chook" wine and "Black Chicken" wine. Accordingly, the
8  Court will approve Defendants' proposed labels, sticker, and letter to distributors.

9       Plaintiff's concern that Defendants have not submitted a proposed label for "The Black
10 Chook" sparkling wine, however, is valid. Defendants shall submit proposed labels for "The
11 Black Chook" sparkling wine, and any other wine Defendants propose to sell using the mark
12 "The Black Chook" while the preliminary injunction is in force, not later than May 23, 2006. If
13 Defendants' new proposed labels are different from the previously submitted proposed labels
14 only to the extent that they indicate a different type of wine, the Court will approve the new
15 proposed labels. However, if the new proposed labels contain a substantive difference, Plaintiff
16 may submit any comments with respect to the new proposals not later than one business days
17 after Defendants' submission to the Court.

18      IT IS SO ORDERED.

20 DATED: May 18, 2006

                                   JEREMY FOGEL
                                   United States District Judge

This Order has been served upon the following persons:

| | |
|---|---|
| David Balter | dbalter@dpfnapa.com |
| Paul P. DeAngelis | pdeangelis@pwmlaw.com, |
| William David Fisher | wfisher@schwabe.com, ttafoya@schwabe.com; docket@schwabe.com |
| J. Scott Gerien | sgerien@dpfnapa.com |
| Jennifer L Jolley | jjolley@schwabe.com, ttafoya@schwabe.com; docket@schwabe.com |